UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ANDREW WITZKE,<br><br>Plaintiff,<br><br>v.<br><br>CLINTON BRADLEY,<br>Defendant. | Case No. 16-12776<br><br>SENIOR UNITED STATES DISTRICT<br>JUDGE ARTHUR J. TARNOW<br><br>MAGISTRATE JUDGE MONA K.<br>MAJZOUB |

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2]; DISMISSING CASE; AND DENYING PLAINTIFF'S REQUEST FOR SERVICE BY THE UNITED STATES MARSHAL**

On July 27, 2016, Plaintiff filed a pro se complaint, an Application to Proceed In Forma Pauperis [2], and a Request for Service by the United States Marshal [4]. The Court may authorize the commencement of a suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [indicating] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Here, Plaintiff has

1

submitted an affidavit showing sufficient indicia of poverty. The Court will therefore grant Plaintiff's Application to Proceed In Forma Pauperis [2].

The Court is required to dismiss a complaint filed *in forma pauperis* "if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)..... The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed. *McGore*, 114 F.3d at 608.

An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Under § 1915(e), courts must dismiss a complaint when the factual contentions [on which it relies] are clearly baseless." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327). Dismissal is appropriate where the "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327–328.

## STATEMENT OF FACTS

Plaintiff is seeking $25,000 in punitive damages from Defendant for a 42 USC §1983 claim concerning allegations of Fourth Amendment violations

2

stemming from the actions of Defendant during Plaintiff's arrest for a parole violation.

On May 7, 2014, Defendant Bradley, a member of the Department of Corrections absconder recovery unit (ARU) officer in the MDOC's Metropolitan Territory, visited Plaintiff's residence to execute a parole violation arrest warrant. On this day, ARU officers knocked repeatedly for several minutes on Plaintiff's door. When Plaintiff answered the door, he obeyed the directions of the ARU officers and kneeled on the ground and was handcuffed and secured in the doorway of his residence. After securing the Plaintiff in the doorway, Defendant, per his report filed on May 15, 2014:

> [Defendant] and Inv[estigator] Cook performed a sweep of the apartment for officer safety. Once I [Defendant] entered the lone bedroom in the apartment, I observed a black leather jacket with distinct lettering and patches on it. It appeared to be the same jacket worn by [Witzke] in several still photos taken from surveillance cameras given to me by Detective Jacob of Oakland County Sheriff Dept. I asked Witzke if he was the only resident that stayed there and he relied "yes". I confiscated the jacket and turned it over to Det[ective] Jacobs.

[1 at 5]. Per Plaintiff's complaint, the jacket was hanging on the back of the closed door of his bedroom door. [1 at 6].

3

Plaintiff complains that his Fourth Amendment rights were violated when his property was taken without a warrant when it was not in plain sight by an ARU officer as opposed to a police officer.

Plaintiff's complaint is without merit and must be dismissed. Under Michigan law, a "parole agent may conduct a warrantless search of a parolee's person or property… (a) Incident to a lawful arrest pursuant to section 39 of Act No. 232 of the Public Acts of 1953, as amended, being S791.239 of the Michigan Compiled Laws." Mich. Admin. Code R. 791.7735. Per MCL 791.239:

> A probation officer, a parole officer, a peace officer of this state, or an employee of the department other than a probation or parole officer who is authorized by the director to arrest parole violators may arrest without a warrant and detain in any jail of this state a paroled prisoner, if the probation officer, parole officer, peace officer, or authorized departmental employee has reasonable grounds to believe that the prisoner has violated parole or a warrant has been issued for his or her return under section 38.

Mich. Comp. Laws Ann. § 791.239.

It is undisputed that Defendant was acting pursuant to a warrant for arrest regarding a parole violation, and therefore, as an officer in the parole and probation office in the MDOC, the ARU officers had authority to arrest Plaintiff and to conduct a warrantless search of parolee's person or property under Mich. Admin. Code R. 791.7735 and MCL 791.239.  Therefore, Defendant did not violate

Plaintiff's Fourth Amendment rights when he searched Plaintiff's bedroom as part of a protective sweep search incident to the arrest of Plaintiff for a parole violation.

Additionally, in contrast to Plaintiff's assertions, the jacket was in plain view and the seizure of the jacket did not violate the Fourth Amendment. Per Defendant's arrest report, the search of the bedroom was undertaken as a protective "sweep of the apartment for officer safety. This search was authorized under Mich. Admin. Code R. §791.7735 and did not violate the Fourth Amendment. *See e.g. United States v. Brown*, No. 15-20039, 2015 WL 5655900, at *1 (E.D. Mich. Sept. 25, 2015) (holding that Mich. Admin. Code R. §791.7735 authorizes officers to conduct a warrantless search of parolee's residence when they had reasonable suspicion that an individual is violating the terms or conditions of parole).

Per the complaint, Plaintiff's jacket that was seized was hanging on the door of the bedroom that Defendant entered during his protective sweep. This jacket was in plain view once Defendant entered the bedroom, and was seized as incriminating evidence per to Mich. Admin. Code R. §791.7735 which gives parole agents the ability to seize evidence in plain view without a warrant.

Given that Defendant was acting pursuant to a valid Michigan Administrative Code Regulation, Plaintiff's *in forma pauperis* complaint must

therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because there was no Fourth Amendment violation.

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for service by the United States Marshalls [4] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] be **DISMISSED**.

**SO ORDERED**.

s/Arthur J. Tarnow

Arthur J. Tarnow
Dated: August 22, 2016     Senior United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2016.

s/Deborah Tofil
Deborah Tofil (for M. Lang)
Case Manager (313)234-5122

6